IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TAWA SUPERMARKET, INC.,
a California corporation,

           Plaintiff,

v.

99 ASIAN SUPERMARKET, INC.,
a Massachusetts corporation

           Defendant.

Civil Action No.  _____

## **COMPLAINT**

Plaintiff Tawa Supermarket, Inc., doing business as 99 Ranch Market ("99 Ranch"),

states the following for its Complaint against 99 Asian Supermarket, Inc. ("99 Asian").

## **INTRODUCTION**

1.      99 Ranch Market was founded in 1984 in Orange County, California.

2.      99 Ranch is commonly referred to as "Jiu-Jiu," which is the phonetic

pronunciation in Mandarin Chinese for "99".

3.      The company's slogan, "For 100, we try harder," demonstrates 99 Ranch's

commitment to providing the best products and services to the communities it serves.

4.      With the support of its loyal customers, hardworking employees, and supportive

vendors, 99 Ranch has grown to become one of the largest Asian supermarket chains in the

United States.

5.      Currently, 99 Ranch has 53 store locations across the United States, including in California, Washington, Oregon, Nevada, Texas, New Jersey, Maryland, and most recently, in Massachusetts.

6.      99 Ranch's logo—a red "99" enclosed in a green laurel, shown below, the "99 Laurel Logo"—is especially well-known among shoppers and consumers of Asian specialty foods and grocery products.



7.      For over three decades, 99 Ranch has advertised, marketed, promoted, and operated its stores bearing its well-known and distinctive 99 Laurel Logo and the distinctive name and mark, 99 RANCH MARKET (together, the "99 Marks").

8.      99 Ranch has made longstanding use of the 99 Marks in and on all of its stores, examples of which are shown below:






9.      Despite 99 Ranch's longstanding rights in the 99 Marks, Defendant 99 Asian, located in Malden, Massachusetts, has attempted to capture customers by imitating the 99 Marks and trading on their goodwill.

10.     Shown below is a true and accurate photo of the outside of 99 Asian's store:



11.     99 Asian uses an imitation of 99 Ranch's 99 Laurel Logo, as shown below ("Infringing 99 Laurel"), which is substantially indistinguishable from the 99 Laurel Logo, likely to cause confusion or mistake with the 99 Laurel Logo, and/or to deceive consumers:



12.     99 Asian uses the name 99 ASIAN SUPERMARKET ("Infringing Name"), which is likely to cause confusion, mistake, and/or deceive consumers.

13.     99 Asian is a direct competitor of 99 Ranch.

14.     99 Ranch recently opened a store location in Quincy, Massachusetts—less than 20 miles away from 99 Asian's location in Malden, Massachusetts.

15.     The Infringing 99 Laurel and Infringing Name imitate the 99 Marks in such a manner that is not only likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of 99 Asian, but upon information and belief, has caused actual consumer confusion.

16.     99 Asian's use of the Infringing 99 Laurel and the Infringing Name is causing irreparable harm to 99 Ranch's brand.

17.     99 Ranch brings this action at law and in equity for trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) (the "Lanham Act"), the anti-dilution laws of Massachusetts, the unfair deceptive trade practices acts of Massachusetts, and the common law.

18.     Among other relief, 99 Ranch asks that this Court (a) enjoin 99 Asian from operating under the confusingly similar Infringing 99 Laurel and Infringing Name; (b) award 99 Ranch monetary damages and treble those damages; (c) award 99 Ranch statutory damages; (d) require 99 Asian to disgorge its profits; and/or (e) award 99 Ranch enhanced damages, attorneys' fees, and costs.

**THE PARTIES**

19.     Plaintiff Tawa Supermarket, Inc., doing business as 99 Ranch Market, is a corporation organized and existing under the laws of the State of California, having its principal place of business at 6338 Regio Ave., Buena Park, California 90620.

20.     On information and belief, defendant 99 Asian Supermarket is a corporation organized and existing under the laws of the State of Massachusetts, having its principal place of business at 60 Broadway, Malden, Massachusetts 02148.

21.     On information and belief, 99 Asian operates its business using the Infringing Name, 99 ASIAN SUPERMARKET, and under the Infringing 99 Laurel.

**JURISDICTION AND VENUE**

22.     This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over 99 Ranch's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

23.     This Court has personal jurisdiction over 99 Asian because, on information and belief, (a) 99 Asian has advertised, promoted, operated its store using the Infringing 99 Laurel and Infringing Name to persons within the Commonwealth of Massachusetts; (b) 99 Asian regularly transacts and conducts business within the Commonwealth of Massachusetts; and/or (c) 99 Asian has otherwise made or established contacts within the Commonwealth of Massachusetts sufficient to permit the exercise of personal jurisdiction.

24.     The District of Massachusetts is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to 99 Ranch's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25.     For years, 99 Ranch has been one of the largest Asian supermarket chains in the United States.

26.     About 35 years ago, 99 Ranch began operating under the 99 Marks, which have come to signify the fresh quality and wide assortment of imported food products from all over Asia (China, Hong Kong, Japan, Korea, Philippines, Taiwan, Thailand, Vietnam, and others) and domestic products made by Asian-American companies.

27.     99 Ranch is the owner of the mark 99 RANCH MARKET under both federal common law and Massachusetts common law.

28.     99 Ranch owns federal trademark Registration No. 2,991,262, issued by the United States Patent and Trademark Office ("Trademark Office"), for the mark 99 RANCH MARKET, for "Retail store services in the field of groceries, fresh and prepared foods, general drug store merchandise and convenience store and department store merchandise; On-line retail store services in the field of groceries, fresh and prepared foods, general drug store merchandise and convenience store and department store merchandise."

29.     A true and accurate copy of Reg. No. 2,991,262 is attached as Exhibit A.

30.     Registration No. 2,991,262 was properly issued and is in full force and effect.

31.     On March 30, 2020, 99 Ranch filed a Section 15 (15 U.S.C. § 1065) declaration of incontestability with the Trademark Office.

32.     99 Ranch is the owner of the 99 Laurel Logo mark, shown below, under both federal common law and Massachusetts common law:



33.     99 Ranch is also the owner federal Registration No. 1,771,363, issued by the Trademark Office, for the 99 Laurel Logo, as shown below in the registration, for use in connection with, among other things, grocery bags and rice:



34.     A true and accurate copy of Reg. No. 1,771,363 is attached as Exhibit B.

35.     Registration No. 1,771,363 was properly issued and is in full force and effect.

36.     On September 23, 1998, the Trademark Office acknowledged 99 Ranch's filing of its Section 15 (15 U.S.C. § 1065) declaration of incontestability.

37.     As a result of 99 Ranch's success, geographical expansion, and promotional efforts, 99 Ranch has become publicly associated with Asian grocery stores. Indeed, news articles have referred to 99 Ranch as "ubiquitous in America's largest Asian communities,"[1] and "the biggest player in California's growing Asian supermarket industry."[2] The LA Times article also states that the "99 Ranch name… is now known for quality throughout the Asian community."

38.     99 Ranch has extensively and continuously used and promoted the 99 RANCH MARKET mark and the 99 Laurel Logo, which has resulted in extensive sales and tremendous public recognition throughout the country.

---

[1] Charley Lanyon, *The Story of 99 Ranch Market, Largest Asian Supermarket Chain in U.S.*, SOUTH CHINA MORNING POST (Mar. 11, 2019), https://www.scmp.com/lifestyle/food-drink/article/2189231/story-99-ranch-market-largest-asian-supermarket-chain-us.

[2] Denise Hamilton, *99 and Counting*, L.A. TIMES (Apr. 27, 1997), https://www.latimes.com/archives/la-xpm-1997-04-27-fi-52939-story.html.

39.     The 99 Marks enjoys wide public acceptance and association with 99 Ranch and has come to be recognized widely and viewed favorably by the public.

40.     As a result of 99 Ranch's extensive use and promotion of their logo and store name, 99 Ranch has built up and owns extremely valuable goodwill that is symbolized by the 99 Marks.

### *99 Asian's Unlawful Activities*

41.     In blatant disregard of 99 Ranch's rights, 99 Asian has operated their store using the name, "99 Asian Supermarket" (the "Infringing Name") and using a logo consisting of a staggered red 99 enclosed in a green Laurel (the "Infringing 99 Laurel"). The Infringing 99 Laurel, as depicted below on 99 Asian's signs and grocery bags, closely mimics the name, color scheme, number placement, and laurel placement of 99 Ranch's 99 Marks:









42.     99 Asian is offering the same goods and services, including rice and grocery bags, to the same consumers as 99 Ranch.

43.     99 Asian's store in Malden, Massachusetts is less than 20 miles away from 99 Ranch's Quincy, Massachusetts store, thereby operating in the same channels of trade as 99 Ranch.

44.     Upon information and belief, 99 Asian had knowledge of and was familiar with the 99 Marks when it began designing, manufacturing, marketing, promoting, and operating under the Infringing 99 Laurel and Infringing Name.

45.     Upon information and belief, 99 Asian intentionally adopted and used a confusingly similar imitation of the 99 Marks, knowing that the Infringing 99 Laurel and Infringing Name would mislead and deceive customers into believing that 99 Asian was the same store as 99 Ranch.

46.     99 Asian is not associated, affiliated, licensed, sponsored, endorsed by, approved by, or connected in any way with 99 Ranch.

47.     99 Ranch used the 99 Marks extensively and continuously before 99 Asian began: (i) using the Infringing 99 Laurel and (ii) operating under the Infringing Name.

48.     The likelihood of confusion, mistake, deception engendered by 99 Asian's infringement of the 99 Marks is causing irreparable harm to the goodwill symbolized by the 99 Marks and the reputation that 99 Ranch has for the quality and wide product assortment embodied by 99 Ranch.

49.     99 Asian's activities are likely to cause confusion before, during, and after the point of sale – due to 99 Asian's confusingly similar imitation of 99 Ranch's logo and name – to mistakenly attribute the grocery store to 99 Ranch.

50.     On information and belief, 99 Asian continues to use the Infringing 99 Laurel and the Infringing Name, in connection with offering its retail grocery store, that directly competes with 99 Ranch's retail grocery store, less than 20 miles away. 99 Asian began using the Infringing 99 Laurel and the Infringing Name well after 99 Ranch had established protectable rights in the 99 Marks and its name, and well after the 99 Marks had become famous.

51.     On further information and belief, 99 Asian knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of 99 Ranch's 99 Marks and 99 Ranch's name.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Counterfeiting – 15 U.S.C. § 1114(a)(1))

52.     99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

53.     99 Ranch is the owner of federal Registration No. 1,771,363 for the 99 Laurel Logo.

54.     Upon information and believe, 99 Asian intentionally used a counterfeit of the 99 Laurel Logo in at least, its sale of grocery bags and rice.

55.     99 Asian's use of an imitation that is substantially indistinguishable from the 99 Laurel Logo, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that 99 Asian's goods are manufactured or distributed by 99 Ranch, or are associated or connected with 99 Ranch, or have the sponsorship, endorsement, or approval of 99 Ranch.

56.     Asian's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to 99 Ranch's goodwill and reputation, for which 99 Ranch has no adequate remedy at law.

57.     99 Asian's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 99 Ranch's 99 Laurel Logo to 99 Ranch's great and irreparable harm.

58.     99 Asian caused and is likely to continue causing substantial injury to the public and to 99 Ranch, and 99 Ranch is entitled to injunctive relief and to recover 99 Asian's profits, actual damages, statutory damages, and/or damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement - 15 U.S.C. § 1114)
### (99 Laurel Logo)

59.     99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

60.     99 Asian's use of the Infringing 99 Laurel is likely to cause confusion, deception, and mistake by creating the false and misleading impression that 99 Asian's goods are manufactured or distributed by 99 Ranch, or its goods and services are associated or connected with 99 Ranch, or have the sponsorship, endorsement, or approval of 99 Ranch based on 99 Ranch's ownership of the 99 Laurel Logo.

61.     99 Asian's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to 99 Ranch's goodwill and reputation as symbolized by 99 Ranch's 99 Laurel Logo, for which 99 Ranch has no adequate remedy at law.

62.     99 Asian's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 99 Ranch's 99 Laurel Logo to 99 Ranch's great and irreparable harm.

63.     99 Asian caused and is likely to continue causing substantial injury to the public and to 99 Ranch, and 99 Ranch is entitled to injunctive relief and to recover 99 Asian's profits, actual damages, enhanced damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Infringement - 15 U.S.C. § 1114)
### (99 RANCH MARKET Mark)

64.    99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

65.    99 Ranch owns federal trademark Registration No. 2,991,262 for the block letter mark 99 RANCH MARKET.

66.    99 Asian's use of the Infringing Name, 99 ASIAN SUPERMARKET, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that 99 Asian's goods are manufactured or distributed by 99 Ranch, or its goods and services are associated or connected with 99 Ranch, or have the sponsorship, endorsement, or approval of 99 Ranch based on 99 Ranch's ownership of the 99 RANCH MARKET mark.

67.    99 Asian's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to 99 Ranch's goodwill and reputation as symbolized by 99 Ranch's 99 RANCH MARKET mark, for which 99 Ranch has no adequate remedy at law.

68.    99 Asian's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 99 Ranch's 99 RANCH MARKET mark to 99 Ranch's great and irreparable harm.

69.    99 Asian caused and is likely to continue causing substantial injury to the public and to 99 Ranch, and 99 Ranch is entitled to injunctive relief and to recover 99 Asian's profits, actual damages, enhanced damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Federal Unfair Competition – 15 U.S.C. § 1125(a) / § 43(a))

70.     99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

71.     99 Asian's use of the Infringing Name and Infringing 99 Laurel has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that 99 Asian's goods and services are the same as, or affiliated, connected, or associated with, or has the sponsorship, endorsement, or approval of 99 Ranch.

72.     99 Asian's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to 99 Ranch's goodwill and reputation as symbolized by 99 Ranch's 99 Marks, for which 99 Ranch has no adequate remedy at law.

73.     99 Asian's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 99 Ranch's 99 Marks to the great and irreparable injury of 99 Ranch.

74.     99 Asian's conduct has caused, and is likely to continue causing, substantial injury to the public and to 99 Ranch. 99 Ranch is entitled to injunctive relief and to recover 99 Asian's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FIFTH CLAIM FOR RELIEF
### (Unfair Business Practices Act, Mass Laws Ann. Ch. 93A §11)

75.     99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

76.     99 Asian has been and is passing off its store as a 99 Ranch location, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of 99

Asian's store, causing a likelihood of confusion as to 99 Asian's affiliation, connection, or association with 99 Ranch, and otherwise damaging the public.

77.     99 Asian's conduct constitutes an unfair method of competition and a deceptive act and practice in the conduct of its trade and commerce in violation of Massachusetts Chapter 93A.

78.     99 Asian's unauthorized, willful, and knowing use of a confusingly similar imitation of 99 Ranch's 99 Marks has caused and is likely to cause substantial injury to the public and to 99 Ranch. The actions and transactions constituting the unfair and deceptive act and practice occurred primarily and substantially within the State of Massachusetts.

79.     99 Ranch, therefore, is entitled to injunctive relief and to recover damages, including treble damages, costs, and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

80.     99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

81.     99 Asian's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of 99 Ranch. 99 Ranch has no adequate remedy at law for this injury.

82.     On information and belief, 99 Asian acted with full knowledge of 99 Ranch's use of, and statutory and common law rights to, the 99 Marks and without regard to the likelihood of confusion of the public created by 99 Asian's activities.

83.     99 Asian's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 99 Ranch's 99 Marks to the great and irreparable injury of 99 Ranch.

84.     As a result of 99 Asian's acts, 99 Ranch has been damaged in an amount not yet determined or ascertainable. At a minimum, however, 99 Ranch is entitled to injunctive relief, to and accounting of 99 Asian's profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of 99 Ranch's 99 Marks, and the need to deter 99 Asian from engaging in similar conduct in the future, 99 Ranch additionally is entitled to punitive damages.

### SEVENTH CLAIM FOR RELIEF
### (State Trademark Dilution)

85.     99 Ranch repeats and incorporates by reference the allegations in the preceding paragraphs.

86.     99 Ranch has extensively and continuously promoted and used the 99 Marks throughout the United States, and the 99 Marks became a distinctive, famous, and well-known symbol of 99 Ranch's store and products well before 99 Asian began using the Infringing 99 Laurel and Infringing Name.

87.     99 Asian's conduct dilutes and is likely to dilute the distinctiveness of 99 Ranch's 99 Marks by eroding the public's exclusive identification of the 99 Marks with 99 Ranch, and tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish 99 Ranch's stores and goods.

88.     99 Asian is causing and will continue to cause irreparable injury to 99 Ranch's goodwill and business reputation and dilution of the distinctiveness and value of 99 Ranch's

famous and distinctive marks in violation of the Massachusetts anti-dilution statute, M.G.L. 110H, § 13.

89.     99 Ranch, therefore, is entitled to injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, 99 Ranch prays that:

1.     99 Asian and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from 99 Asian, or in concert or participation with 99 Asian, and each of them, be enjoined from:

a)  advertising, marketing, promoting, and operating under the Infringing Name and Infringing 99 Laurel;

b)  using the Infringing Name and Infringing 99 Laurel on or in connection with any of 99 Asian's offerings, including its retail grocery store;

c)  using the 99 Marks or any other copy, reproduction, colorable imitation, or simulation of 99 Ranch's 99 Marks on or in connection with 99 Asian's offerings, including its retail grocery store;

d)  using any trademark, name, logo, design, or source designation of any kind on or in connection with 99 Asian's offerings that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of 99 Ranch's trademarks, trade dresses, names, or logos;

e)  using any trademark, name, logo, design, or source designation of any kind on or in connection with 99 Asian's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such location, goods, or services are produced or provided by 99 Ranch, or are sponsored or authorized by 99 Ranch, or are in any way connected or related to 99 Ranch;

f) using any trademark, name, logo, design, or source designation of any kind on or in connection with 99 Asian's store, goods, and services, that dilutes or is likely to dilute the distinctiveness of 99 Ranch's trademarks, trade dresses, names, or logos;

g) passing off 99 Asian's store, goods, or services, as those of 99 Ranch, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

2.    99 Asian be ordered to cease offering for sale, marketing, promoting, and selling and to recall all goods bearing the Infringing 99 Laurel or Infringing Name or any other confusingly similar imitation of 99 Ranch's marks that are in 99 Asian's possession or have been shipped by 99 Asian or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against 99 Asian;

3.    99 Asian be ordered to deliver up for impoundment and for destruction, all shopping bags, uniforms, shopping cart handles, aisle signage, poster signage, stationery, or other materials in the possession, custody or under the control of 99 Asian that are found to adopt, infringe, or dilute any of 99 Ranch's trademarks or that otherwise unfairly compete with 99 Ranch and its products;

4.    99 Asian be compelled to account to 99 Ranch for any and all profits derived by 99 Asian from the use of the Infringing Mark and Infringing Name;

5.    99 Ranch be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on 99 Asian's knowing and intentional use of a confusingly similar imitation of the 99 Ranch 99 Marks, the damages awarded be trebled and the award of 99 Asian's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      99 Asian be required to pay to 99 Ranch the costs and reasonable attorneys' fees incurred by 99 Ranch in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.      99 Asian be required to pay any and all statutory damages;

9.      99 Ranch be awarded prejudgment and post-judgment interest on all monetary awards; and

10.     99 Ranch be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

99 Ranch respectfully demands a trial by jury on all claims and issues so triable.

Date: March 31, 2020

/s/ John L. Strand_____
John L. Strand (BBO #654985)
John L. Welch (BBO #522040)
Amanda Slade (BBO #703951)
jstrand@wolfgreenfield.com
jwelch@wolfgreenfield.com
aslade@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Counsel for Tawa Supermarket, Inc.,*
*a California corporation*